Did I get that name right? I think it's Bayyouk, Your Honor. Bayyouk. I apologize. Good morning. May it please the Court, Petra Reinicke on behalf of Appellant Karim Bayyouk. Your Honors, this is a case in which my client was found guilty of violating 18 U.S.C. Section 1505, obstruction of an agency proceeding. What we have in this case is an extremely broad statute which does not define or require a specific actus reus and an indictment which provided essentially no facts beyond the allegation that on May 31, 2007, my client obstructed an SEC investigation into trading in a stock called Biocite. Did you move for a bill of particulars? We did not, Your Honor. What we tried to do in this case was by requesting a specific unanimity instruction to both discover and restrict the statements, the conduct that the government was relying on. Isn't that much too late? If you feel you didn't really know specifically what they were claiming to be obstruction, the remedy is at the pretrial stage, not at the end of the trial. Your Honor, initially, I mean, this case was somewhat of a moving target. In the motion for joinder, the government initially relied on two specific misstatements. One, the allegation that Mr. Bayouk represented whether he knew Michael Cara, and two, whether or not he spoke with anyone regarding his traits. Then, as the case went on in the trial brief, the government proffered two single-spaced pages of testimony from the SEC interview. Then, at the trial, the government played the entire 29-minute interview, and that left the jury free to pick whatever it wanted from within those 29 minutes, any statement, misleading, false, evasive, whatever it wanted. Because of the failure to identify and give the specific unanimity, the government was not constricted in any way as to the evidence on which it could rely, and the jury was in no way constrained as to the specific conduct by the defendant, which formed the basis of the conviction. Essentially, in this case, there was absolutely no parameters which the jury had to find. All they had to find was that appellant corruptly influenced, obstructed, or impeded the investigation. Why is that different in theory, for example, from a conspiracy where there may be, you know, you have to find an agreement to do X, but that agreement may be formed through 25 different conversations, and some jurors may think it was conversation number three that really showed they had reached agreement, and some may think it's conversation number six that showed that they reached agreement, but they all agreed that an agreement was reached. So here, they all agreed that there was obstruction. Well, but the Ferris decision, for example, provides that unanimity means something more than simply a conclusory agreement that the defendants violated the statute in question, and that's exactly what happened here. You have such a general, broad statute that says the defendant can be found guilty if he obstructed, period. There's absolutely nothing that constrains in any way the acts that go into that. There doesn't even have to be an agreement as to a single underlying fact. There's absolutely nothing, and so that takes it out of the kind of cases, and there's specific case law in this circuit saying that where an indictment is sufficiently broad and ambiguous, and we submit in this case the statute itself is sufficiently broad and ambiguous, as to present a danger of jury confusion, then there has to be some unanimity, and the jury has to be constrained into picking at least some act, some conduct that it does agree on. So you're saying that your argument is not just in this case, but in every obstruction of justice case, there must be a unanimity charge? Where there is absolutely nothing in the indictment that constrains in any way or focuses the jury in any way on any conduct that is alleged to form the basis of the conviction, yes. And I would analogize to the Richardson case in which the Supreme Court said that unanimity is required in a continuing criminal enterprise case, and agreement is required not only that the defendant committed a continuing series of violations, but also as to the specific violations which form the basis. And the basis of the Supreme Court's holding in Richardson was because the continuing, the CCE statute is so broad, and that argues against treating each individual violation as simply a means of committing the crime, and requires, and aggravates the dangers of unfairness. And one of the dangers of unfairness that the Supreme Court specifically identified in Richardson was the danger that there would be wide disagreement among jurors as to what the defendant did or did not do. Can I ask you this question? You're right, certainly that 1505 is very broad, but am I wrong in thinking that in this case the government really only pursued one theory as to how the investigation was obstructed, and that was that your client lied to the investigators, right? That's correct. Okay. So, and there may well, as you said, in this 29-minute conversation have been many different false statements that the juror, one juror or another, could have relied upon. But I guess if that's the case, if that's the posture of this case, why doesn't it fall within our cases like Lyons, I guess, and McCormick, in which we have been presented with cases where the basis for the charge was some false promise or false statement, the argument was made, well, there are multiple ones, and we want the jury to all unanimously agree on one, and our court has said, no, that's not required. So why doesn't this case fall within those holdings? Well, I would say we need to look, and we've submitted that Thomas and Bonds are instructive on this issue. Those are two Ninth Circuit cases that did decide based on an obstruction, a general obstruction statute, not exactly the same one as that issue here, but a similar one. And the government is correct that in those cases whether or not the unanimity instruction should be given was not an issue. But that's because Judge Elston did give the instruction in those cases. And what those cases reveal is where you have the unanimity instruction and where the Court of Appeals is able to then look at what the jury decided and analyze those statements. And in the case of Thomas, that resulted in the conviction being upheld because the court could see the specific statement that the jury relied on and found that that statement was sufficient. In the Bonds case, by contrast, the court could look and analyze the single statement that the jury relied upon as a basis for conviction and ultimately found that that statement was insufficient, it was not material, and so reversed the conviction. But I don't understand the argument. You're saying in those cases and in many cases it might be helpful to the Ninth Circuit to have a unanimity instruction given, but that doesn't mean it's required. Well, Your Honor, our solution— The law doesn't turn on the convenience of the appellate court. No, but the point is Barry Bonds received a due process protection that my client did not. Okay? Because there was a unanimity instruction in that case, the Court of Appeals could analyze, could look at and analyze the specific statement at issue and in the end ultimately found that that statement was immaterial, insufficient, and the conviction was reversed. My client does not have the benefit of that analysis. We have no idea what or whether the jury agreed on any of the underlying facts in this case. Now, the government says, well, that doesn't matter. That's harmless because the evidence was so overwhelming. But the Echeveria case is instructive on the point that we're not free to speculate as to what the jury did or didn't decide. Counsel, just because your time is running out, Lyons and McCormick. Okay. I mean, I'm just looking at those and they seem to control. So you kind of sidestepped and said, oh, well, go look at Bonds and Thomas. So just if you have a response, I'm anxious to hear it. The response is Lyons and McCormick were based on very different statutes. They are not statutes that are as broad as the obstruction statute in this case. Mail and wire fraud require a specific act. The jury in those cases. That's not really true with REF in any way that's relevant to your argument. The only act that's required under mail fraud is the mailing of a letter. The crime is the scheme, which can be even broader than obstruction of justice. The scheme can be of great breadth, great variability, and there is no specific act required for mail fraud other than the mailing of a letter. In that case, the government had to prove that there was a scheme or plan to defraud. Yeah. And. Just like they here had a proof of obstruction of justice. But in that case, by the way, was on plain error analysis, which I think is another distinguishing factor. But it held that the jury essentially that the jury had to find a false promise was made, but not as to the particular false promise. We would submit that in this case, the jury wasn't even required to find a false promise. All right. Counsel, you're out of time. Thank you. May it please the court. My name is Mary Jean Chan, and I represent the United States in this appeal. The defendant's right to a unanimous jury verdict was secured by the district court's instruction that to convict him of obstruction, the jury had to find that he obstructed or endeavored to obstruct the May 31, 2007, SEC proceeding with the corrupt purpose of obstructing justice. And this court is exactly right. This case is not distinguishable from McCormick or Lyons. In those cases, the passport fraud case was the McCormick one. It was a false statement. That was actually the actus reus. And the court said that it didn't matter which statement the jurors found to be false, as long as it was all part of the same passport application. And that's what we have here. We have a 29-minute interview by the SEC that was extremely focused. The SEC interviewer specifically asked Mr. Bayouk repeatedly in different formats, but really about the same core inquiry, what he knew, where he knew it from, before he made the bio-site trades that he did. And it is important to realize that all the proof that the government had at trial really centered on showing that that was false. What he said when he said that everything that he got was from publicly accessible sources was false. So there was no confusion about what the facts were. There was no complex of facts that was so complex that the jury could genuinely be confused about. There was no indication by the jurors that they were confused about this. There was no indication by Mr. Bayouk that he was confused about this, because as Judge Rakoff pointed out, they didn't ask for a bill of particulars prior to trial. And in fact, if you look at the specific unanimity instruction that they requested, it doesn't spell out the specific statements within the transcript. It simply, it says, you know, statements that Mr. Bayouk made in response to such a question. But if you look at the actual transcript, those are, there are numerous instances in which Mr. Bayouk provides basically different denials to the same question. So really what the, what Mr. Bayouk asked for was an instruction, specific unanimity instruction based upon categories as to specific, as opposed to specific statements. So you're saying that since the proposed instruction that was submitted was defective, that even assuming for the sake of argument that some unanimity instruction was required, it wasn't this one, and therefore the Court did not err on that independent reason? I think that's true, too, Your Honor. I think my point is that it's sort of arbitrary, the categories that they created. They are trying to sort of slice and dice and say that when the defendant denied knowing Mr. Maher Khara, that's somehow distinct from when he said he never spoke to Hani Bayouk or when he said that he never spoke to anyone but by his side before making those traits. In fact, there's all sort of variations upon the same core inquiry, and that's what the government argued at trial, that there was a core lie. I'm not even sure that this matters in my own thinking, but you, I'm looking at the proposed instruction, and I guess I don't understand why were you suggesting it was defective? It seems to me they spell out the three specific statements that the jury, one of which the jury, at least one of which the jury would have to unanimously agree  with. Well, Your Honor, for example, on page, excerpts of record 119, sorry, not that one, the initial request, excerpts of record 111, it said that defendant's statements that he did not discuss by his side with anyone before he made the relevant traits, that's one of the statements five which. I'm looking at ER 56. Am I looking at the wrong place? No, no, no. That's, that's, that's. That's the proposed instruction. That's the proposed instruction. That's the second proposed instruction. Okay. But it's one, two, three. Correct. Specific statements. Right. So what's defective about that? Well, I'm just saying, what I'm trying to say is that when they say that the defendant's statement that he did not discuss by his side with Hany Bayou, for example, before he made the relevant traits, there are several instances in which he denies it. So when you talk about statement, it's not clear which statement it is, right? So in fact, they're just sort of categories that they have sort of sliced through dice. You think that they had to put the exact quote in the, in the jury instruction? I mean, this seems awfully specific if that's, I don't know. I'm not making my point clear, I guess. What I'm saying is that there are numerous instances. The 29 minutes interview was peppered with numerous instances of denials, from the beginning, towards the end, in the middle. And so to the jury. And this instruction limits it to just two of the possibilities. It doesn't even say which one. It's at the front row. So whereas the government was proceeding on others as well. Right. The government was proceeding upon. That's what I took it to be, your argument as to why this instruction was defective, even assuming argument that unanimity was required. Well, the government was arguing that all of these amounted to say one pervasive key lie, which was that all of his denials, all the statements were really about one thing, which was that he didn't speak to anybody specifically Salman or specifically the cars about what he knew that prompted him to trade 12 percent of the entire volume on March 23rd, 2007 and buy a site. So I think that there was no actual or genuine possibility of jury confusion in this case. The indictment wasn't overly broad. The indictment very specifically limited to May 31st, 2007. There was only one issue in terms of the evidence, in terms of everything that happened on that day, and that was the 29 minute SEC interview, which was extremely focused. So under this court's precedent, I think that there was no issue there. There was no moving target either because all the examples that the defendant raised were really times when the government was making arguments about why the proof supported Joinder or supported or summarized the proof. And what it did was simply make excerpts of examples of the obstruction. The government never said here are the statements that we intend to prove were instances of obstruction. They simply sort of laid out excerpts of the transcript to say this is obstructive behavior. I think there's a point I wanted to make, which is, again, that it is true that Bonds and Thomas don't counter the precedential value of Lyons and McCormick. As the defense counsel conceded, those cases don't even address the specific unanimity instruction. But I think what's important is when you look at McCormick, it specifically stated that one of the issues that counseled against making a specific unanimity instruction was the duplicity and multiplicity concerns that would arise if you had to require specific unanimity about specific statements. Would the court then require the government to charge each statement in the 29 interview as separate counts of obstruction? What we did here was we charged the single encounter. That allowed the jury to look at all the statements that Mr. Bayou, to determine whether what he said or what he did, the performance as a whole, was material, whether it was actually capable of obstructing the SEC's instruction, and whether it, in fact, did, and whether he had the corrupt intent to do so. So the government, in this case, charged it properly, and the district court followed this court's precedent in finding that no specific unanimity instruction was required. Questions? I would ask for an affirmative. Thank you. Would you put another minute on the clock, please? I think you're out of time, but we'll put another minute on so you have an opportunity. Your Honor, as the government just argued, the government really ended up relying on the entire 29 minutes without any parsing of what actually constituted the obstruction. Again, Lyons and McCormick were based on different statutes and different facts, and it's clear from the case law in this circuit that whether a specific unanimity is required depends heavily on the statute in question and the facts. Even with a case of possession, there are two decisions. For example, Garcia-Rivera says that an instruction is required. The Kim decision says it's not required. It's heavily dependent on the facts and the statute, and we would submit that in this case, the statute at issue and the indictment was sufficiently broad to require the jury to unanimously agree on at least some of the essential facts underlying the conviction. Thank you.
judges: Rakoff, Christen, Watford